### CALHOUN v. STATE BOARD OF BEAUTY CULTURE.
### No. 39754.

Circuit Court, Escambia County.

June 6, 1958.

Richard P. Warfield, Pensacola, for petitioner.

Richard W. Ervin, Attorney General, John Joseph Blair, Ass't. Attorney General, for respondent.

L. L. FABISINSKI, Circuit Judge.

This cause is before the court on a petition for writ of certiorari. At the request of counsel for petitioner and acquiescence of respondent, oral argument was had before the court at which all parties were represented, and the case fully presented for final disposition.

It will be necessary to discuss only two phases of the contentions of the parties in order to dispose of this controversy, since the court is not satisfied that the severe penalty of revocation of license would have been imposed, absent the affirmative finding on these two points.

One of the grounds of revocation assigned, and evidently relied upon by respondents as a major reason for revoking the license of petitioner, was that she permitted students with less than two hundred hours of instruction to serve the public and patrons of the school, by practicing beauty culture upon such members and patrons.

The only evidence to support this ground is that in more or less numerous instances students with less than two hundred hours of instruction had practiced various phases of hair dressing and beauty culture upon selected friends, and in some instances, relatives, not at the invitation or instigation of petitioner, but upon the initiative of the students themselves. It is denied by petitioner that she knew of or countenanced such practice, but she testifies that on the contrary she continually emphasized that under no circumstances should this be done. But regardless of her contentions in this regard, the court is satisfied that none of the individuals accepting the ministrations of such students were "patrons" of the school.

However, the board takes the unequivocal position that nevertheless such individuals were members of the "public." The case of People v. Powell (Mich.), 274 N.W. 372, 111 A.L.R. 721, contains a discussion of the construction to be given to the word "public" as used in this regard, which the court adopts, and for the purpose of this case holds that relatives and friends of students voluntarily submitting to the ministrations of such students, coming to the school not as patrons of the school but solely to accommodate the desires of individual students, and for the limited purpose indicated, are not members of the public within the meaning of the statutes here involved, and the rules and regulations of the board.

The other phase of this case is equally as conclusive against the adjudication made by the board. The order revoking the license recites that it was made upon evidence taken and upon *matters*

*within the special knowledge of the board,* the latter not delineated in the order, but affirmatively appearing to have influenced the board in its decision. It requires no citation of authority to demonstrate that the law cannot countenance a finding upon the secret and concealed knowledge of facts undisclosed to petitioner, which she has had no opportunity to refute.

Because the court is not satisfied that the board would have determined the matter in the same way, if the matters here discussed had not been taken into account in its deliberations, the writ of certiorari is granted, and the order of the respondent board is quashed, without prejudice to further proceedings relating to the other assignments upon which the hearing was held. The court recognizes the apparent deficiencies in the physical facilities of the school complained of, and it may be that measures must be taken by some modified form of coercion to compel a more satisfactory operation of the school of petitioner. But this will need to await further proceedings and action by the board itself.